**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REGINA LEWIS,

Plaintiff,

v.

ROBYN WILLIAMS,

Defendant.

No. 1:26-CV-01122 (AJB/PJE)

---

**APPEARANCES:** **OF COUNSEL:**

Regina Lewis
107 Nott Terrace,
Apt. 611
Schenectady, New York 12308
Plaintiff pro se

Gordon Rees Scully Mansukhani
1 Battery Park Plaza – 28th Floor
New York, New York 10004
Attorneys for defendant

BRIAN GITNIK, ESQ.[1]

**PAUL J. EVANGELISTA**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

### I. In Forma Pauperis

Plaintiff pro se Regina Lewis[3] ("plaintiff"), commenced this action on May 26, 2026, by filing a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee,

---

[1] The undersigned notes that defendant appeared prematurely in this action by filing an appearance prior to the undersigned conducting an initial review of the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915(A). *See* Dkt. No. 7. Defendant is again advised that their participation is not necessary unless this Court determines the case may proceed.
[2] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).
[3] The undersigned notes that plaintiff has filed at least two other cases in the Northern District of New York. *See Lewis v. Malamadir*, No. 1:26-cv-01616 (ECC/DJS) (ADA claim brought by plaintiff that was

plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. Plaintiff has also filed a motion for appointment of counsel and a request to "file a subpoena duces tecum." *See* Dkt. Nos. 12, 13. The undersigned has reviewed plaintiff's IFP application and determines that she financially qualifies to proceed IFP.[4] The undersigned must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

## II. Legal Standards

### A. IFP Status

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and

transferred to the Southern District of New York); *Lewis v. Rivera* et al., No. 1:26-cv-01693 (GTS/CBF) (ADA claim that appears to be awaiting an initial review). Lastly, though unclear whether this is the same plaintiff, a plaintiff with the same name filed a claim in 2004. *See Lewis v. Newhope Fam. Servs. Adoption Agency*, No. 5:04-cv-01030 (GLS/DEP) (resulted in judgment for the defendant; affirmed on appeal).

[4] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

footnote omitted); *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (noting that when a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest.") (internal quotation marks and citation omitted).

The Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Akwesasne Mohawk Casino Resort*, 2024 WL 3677262, at *2 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6] Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

## III. Discussion

### A. Plaintiff's Complaint

Plaintiff's complaint arises out of a dispute she has with defendant Robyn Williams ("defendant"). *See* Dkt. No. 1 at 4 ("Compl."). The date, time, and location of this dispute are not stated. *See id.* Defendant is apparently the Vice President of

[5] Hereinafter, "Fed. R. Civ. P." or "Rule."
[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

Hudson Valley Credit Union. *See id.* at 2. Plaintiff alleges defendant "made false entries" into the Credit Union's books and statements and "filed [her] closed credit card . . . to the credit bureaus as late over five years." *See id.* at 4. Plaintiff alleges that since the credit card is closed, "it is no longer a revolving line of credit that may be reported legally, and it is not late." *See id.* She further alleges that her "account is insured and pa[id] for monthly by the insurance TrueStage credit protection." *See id.* Plaintiff avers that she has written complaints to the Hudson Valley Credit Union, the National Credit Union Administration, and "the Credit Union and the Credit Bureaus" regarding the allegedly illegal reporting. *See id.*

Plaintiff seeks several remedies in this action. *See* Compl. at 4. First, she wants the Credit Union to be held liable because its false reporting caused her credit score to decrease. *See id.* Second, plaintiff seeks to have her credit adjusted to where it was prior to the false reporting. *See id.* Lastly, plaintiff requests damages in the amount of "$5,000 for every point that [her] score was reduced by for the past five years." *See id.*

**B. Analysis**

Plaintiff seeks to proceed pursuant to 18 U.S.C. § 1005 and 18 U.S.C. § 1006.[7]

**1. No Private Right of Action**

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "Courts in this Circuit have consistently held that 'federal criminal statutes do not provide private causes of action.'" *Clark v. Santander Bank, N.A.*, No. 3:24-cv-55 (VAB), 2024 WL 5186862, at *6 (D. Conn. Dec. 20, 2024) (quoting *Sheehy v. Brown*, 335 F.

---

[7] The undersigned notes that plaintiff's complaint references 18 U.S.C. § 10006, which does not exist. *See* Dkt. No. 1, at 3. However, the undersigned assumes that plaintiff meant 18 U.S.C. § 1006.

App'x 102, 104 (2d Cir. 2009) (summary order)). "18 U.S.C. § 1005 [is] a federal criminal statute that imposes penalties on anyone who makes a false statement with intent to deceive a bank examiner, [and] . . . does not provide a private right of action." *Clark*, 2024 WL 5186862, at *6 (internal quotations and citation omitted). Similarly, 18 U.S.C. § 1006 is a criminal statute "that do[es] not create [a] private right[] of action and [is] not enforceable in a civil context." *Davis v. Bank of America, NA*, No. 1:19-13515 (NLH)(JS), 2020 WL 2764802, at *5 (D.N.J. May 27, 2020) (citing *Daviditis v. Nat'l Bank of Mattoon*, 262 F.2d 884, 886 (7th Cir. 1959)).

Here, as in the cases noted above, plaintiff is attempting to proceed under criminal statutes that do not permit civil actions to recover damages. *Davis*, 2020 WL 2764802, at *5. "Because none of the criminal statutes cited by the plaintiff provide private rights of action, these claims [should be] dismissed for failure to state a claim upon which relief can be granted." *Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015).

**2. Rule 8**

Plaintiff's complaint fails to comply with Rule 8's pleading requirements. *See* FED. R. CIV. P. 8(a). Although it is true that "[d]ismissal . . . [under Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," this is such a case. *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).

**a. Arguable Alternative Basis for Claim**

"Th[e] policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the

part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Triestman*, 470 F.3d at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). As such, although she does not cite or reference this statute, based on the factual allegations made it is possible that upon amendment of her complaint, plaintiff could state a claim under the Fair Credit Reporting Act ("FCRA" or "the Act").

"The Fair Credit Reporting Act . . . 15 U.S.C. § 1681 *et seq.,* regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). "[T]he act imposes several duties on those who furnish information to consumer reporting agencies . . . [including the duty] to refrain from knowingly reporting inaccurate information . . . and to correct any information they later discover to be inaccurate." *Longman*, 702 F.3d at 150 (first citing 15 U.S.C. § 1681s-2; then citing *id.* §1681s-2(a)(1); and then citing *id.* § 1681s-2(a)(2). The Second Circuit has noted that under the Act:

> Consumers have the right to dispute any information reported to a credit reporting agency. . . . If a dispute is filed with the agency, both the agency and the furnisher of that information have a duty to reasonably investigate and verify that the information is accurate. . . . If a dispute is filed directly with the furnisher, the furnisher only has a duty to investigate in certain circumstances established by regulation.

*Longman*, 702 F.3d at 150–51 (first citing 15 U.S.C. § 1681g(c)(1)(B)(iii); then citing *id.* §§ 1681i(a)(1)(A), 1681s–2(a)(8); then citing §§ 1681i(a)(1)(A), 1681s–2(b); and then citing *id.* § 1681s–2(a)(8).

Further, "[u]nder certain circumstances, an individual may bring a civil cause of action against any entity who willfully fails to comply with any requirement imposed

under the [FCRA] and [may] recover actual or statutory damages, punitive damages, costs, and attorneys' fees." *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 304 (E.D.N.Y. 2014) (internal quotations omitted) (quoting *Longman*, 702 F.3d at 151). "However, certain requirements are only triggered when a furnisher receives notice of a credit dispute from specified parties." *Nguyen*, 66 F. Supp. 3d at 304 (citing 15 U.S.C. § 1681s–2(a)(8), (b)). There is no private right of action under 15 U.S.C. § 1681s-2(a), which prohibits an information furnisher from "knowingly reporting inaccurate information, . . . failing to correct and update information, . . . and failing to investigate a dispute raised directly to the furnisher by a consumer." *Nguyen*, 66 F. Supp. 3d at 304 (citation omitted). Enforcement of those provisions is left to federal and state agencies and officials. *Id.* However,

> [U]pon proper notice, furnishers of information must investigate credit disputes in accordance with the statute and attendant regulations. Section 1681s–2(b) provides that furnishers of information, after receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided . . . to a consumer reporting agency, must investigate the disputed information according to specific procedures. Section 1681i(a)(2) requires consumer reporting agencies to notify furnishers of information regarding an underlying credit dispute if the furnisher provided the information in dispute.

*Nguyen*, 66 F. Supp. 3d at 304-05. Thus, a plaintiff may bring a private action against an information furnisher under Section 1681s–2(b). *Sprague v. Salisbury Bank and Trust Co.*, 969 F.3d 95, 100 (2d Cir. 2020).[8] "A claim is stated pursuant to that section, however, only if plaintiff shows that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in willful or

[8] The undersigned notes that when the Eastern District of New York issued *Nguyen*, the Second Circuit had not considered this issue. However, in *Sprague v. Salisbury Bank and Trust Co.*, the Second Circuit clearly noted that 15 U.S.C. § 1681s-2(b) permits a private right of action. *Sprague*, 969 F.3d at 100.

negligent noncompliance with the statute." *Id.* at 305 (internal quotations and citation omitted).

Here, plaintiff has failed to comply with the requirements of Rule 8, such that the undersigned cannot determine whether plaintiff can successfully assert a claim under Section 1681s-2(b). Plaintiff alleges in her complaint that defendant "made false entries into the institution['s] books and statements and filed [her] closed credit card . . . to the credit bureaus" which she charges was done falsely and illegally. Compl. at 4. However, as noted above, there is no private right of action against an information furnisher for reporting inaccurate information to credit reporting bureaus. *Nguyen*, 66 F. Supp. 3d at 304 (citation omitted). Similarly, although plaintiff asserts that she wrote complaints to Hudson Valley Credit Union, defendant's purported employer, there is also no private right of action for "failing to investigate a dispute raised directly to the furnisher by a consumer." *Id.*

Upon amendment, plaintiff may be able to state a claim under Section 1681s–2(b). As noted above, there are multiple requirements for establishing the requisite notice the information furnisher must possess before an action will lie under this provision. *Nguyen*, 66 F. Supp. 3d at 304-05. Plaintiff states that she wrote complaints to the credit bureaus, which at least suggests that the bureaus may have provided notice to Hudson Valley Credit Union and defendant. *See* Compl. at 4. However, plaintiff's complaint does not provide the dates of such notice, which credit bureaus were notified, whether the bank received notice from the bureaus, etc. In short, there is not enough information to put defendant on notice of the claim against them, let alone enable the undersigned to determine whether defendant may have acted willfully or

negligently in noncompliance with the statute. *Flores v. Graphtex*, 189 F.R.D. at 55; *Nguyen*, 66 F. Supp. 3d at 305.

Therefore, even liberally construing plaintiff's complaint to raise the strongest argument it suggests, the undersigned recommends dismissing plaintiff's complaint for failure to plead sufficient factual information under Rule 8 to state a claim under the FCRA or any other statute.[9]

### b. Residual Pleading Issues

Even assuming that plaintiff intended to file suit under the above theory, "Plaintiff still fails to provide sufficient information to determine: (1) whether the claim is timely filed, [and] (2) whether venue is proper in this district." *Scarlett v. Rikers Island*, No. 17-CV-6039 (PKC) (RLM), 2017 WL 5312121, at *2 (Nov. 13, 2017).

#### i. Statute of Limitations

Plaintiff has not provided any information to enable the undersigned or an adverse party to determine whether this action is timely. "The FCRA provides that '[a]n action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation

---

[9] The undersigned also notes that this private action is permissible against information furnishers, which "include banks, card issuers, and other financial institutions that transmit information relating to debts owed by consumers to [Credit Reporting Agencies] for reporting." *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 719 (2d Cir. 2025). It is much less clear whether such an action is permissible against an individual bank employee or officer, and that question does not appear to be resolved within the Second Circuit. The undersigned does, however, note that other federal courts have required individual officers to be significantly involved in the alleged misconduct to permit an action against them. *See, e.g.*, *McNack v. Smith*, No. 2:14-cv-04810-CAS(SPx), 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015) (considering FCRA claim brought against Credit Reporting Agency CEOs and stating, "Cases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct . . . or the 'central figure' in the challenged corporate activity") (quoting *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 532 n.10 (9th Cir. 1989)); *Williams v. Navy Fed. Credit Union*, No. 23-11593, 2023 WL 8283606, at *3 (E.D. Mich. Nov. 30, 2023) ("Defendant McDuffie cannot be held liable merely because she is the President and CEO of Navy Federal. Because he has failed to make any claims against McDuffie as an individual, Plaintiff has failed to give sufficient notice as to what claims are alleged or plead sufficient facts to render a claim plausible.").

that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.'" *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014) (quoting 15 U.S.C. § 1681p).[10]

Plaintiff fails to provide sufficient factual information to inform defendant of the dates of any alleged violations of the FCRA. Plaintiff merely states that defendant has made false entries to the credit bureaus for over five years. *See* Compl. at 4. Consequently, without more information, neither the undersigned nor any defendant can discern whether this action is timely brought.

**ii. Venue**

"A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . ." 28 U.S.C. § 1391(b)(1). Further, venue may also be proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* § 1391(b)(2). "A natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled . . . ." *Id.* § 1391(c)(1).

Here, plaintiff has not provided sufficient information for the undersigned to determine whether venue is proper in the Northern District of New York. Although plaintiff resides in Schenectady County in the Northern District of New York, *see* 28 U.S.C. § 112, "plaintiff's present residence is irrelevant to the analysis of proper venue." *Holloway v. Holy See*, 537 F. Supp. 3d 502, 506 (S.D.N.Y. 2021). Further, defendant's

---

[10] The undersigned notes that "[a]lthough the Second Circuit has not addressed the issue, most federal courts considering the statute of limitations for claims alleging a failure to investigate under the FCRA have reached the same conclusion," that each alleged failure to comply with FCRA obligations constitutes a separate violation for statute of limitations purposes "even though the violations stem from the same allegedly false or inaccurate credit information." *Marcinski*, 36 F. Supp. 3d 286.

address is in Dutchess County, which is part of the Southern District of New York. *See* 28 U.S.C. § 112; Compl. at 2. As such, plaintiff may not rely on section 1391(b)(1) as a basis for laying venue in the Northern District of New York. Lastly, plaintiff offers no factual allegations about where the underlying transaction or transactions took place. *See generally* Compl. Therefore, under the current complaint, the undersigned is unable to discern whether this action is properly brought in the Northern District of New York.

## IV. Leave to Amend

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The problems with plaintiff's claims brought under 18 U.S.C. §§ 1005-1006 are substantive because they do not provide a private right of action such that repleading would be futile. *See Edwards*, 388 F. Supp. 3d at 135. Conversely, mindful of the special solicitude to be afforded to pro se plaintiffs, to the extent plaintiff seeks to sue under the FCRA, the deficiencies identified above may potentially be cured by a better pleading. Similarly, plaintiff can potentially amend to remedy the issues noted regarding the statute of limitations and venue. Accordingly, it is recommended that, insofar as

plaintiff may seek to proceed against defendant under 18 U.S.C. §§ 1005-1006, such claims be dismissed with prejudice and without leave to amend for failure to state a claim upon which relief can be granted, and insofar as plaintiff seeks to proceed under the FCRA, such claims be dismissed without prejudice and with leave to amend.[11]

## V. Motion for Counsel

Also before the undersigned is plaintiff's letter request seeking appointment of pro bono counsel. *See* Dkt. No. 14. For the reasons set forth below, that request is denied without prejudice and with leave to renew.

Plaintiff contends that she suffers from a traumatic brain injury and Autistic Spectrum Disorder. *See* Dkt. No. 14. She also asserts that she suffers from severe emotional disturbance and has faced recent financial difficulties which put her at risk of not meeting her financial responsibilities. *See id.*

### A. Legal Standard

Prior to evaluating a request for appointment of counsel, a party must demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). A motion for appointment of counsel, therefore, must be accompanied with proof of plaintiff's efforts to obtain counsel on her own from the public and private sectors.

---

[11] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and plaintiff is permitted to file an amended complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference and may not attempt to replead claims that have already been dismissed by this Court with prejudice. Any amended pleading supersedes and replaces a prior pleading in its entirety, and, therefore, must contain all facts and claims on which plaintiff seeks to proceed. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for whom leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.

Further, it is well-settled that there is no right to appointment of counsel in civil matters. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be assessed in reviewing a motion for counsel are well settled and include, “the merits of the plaintiff’s case, the plaintiff’s ability to pay for private counsel, the plaintiff’s efforts to obtain a lawyer, the availability of counsel, and the plaintiff’s ability to gather the facts and deal with the issues if unassisted by counsel.” *Cooper*, 877 F.2d at 172. Of these, “[t]he factor which command[s] the most attention [is] the merits.” *Id.*

In *Terminate Control Corp. v. Horowitz*, the Second Circuit stated:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent’s ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent’s ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge* 802 F.2d at 61). Appointment of counsel must be made carefully to preserve the “precious commodity” of volunteer lawyers for those litigants who truly need a lawyer’s assistance. *Cooper*, 877 F.2d at 172-73.

> Accordingly, in deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue civil claims before it, and recognizing the “thankless burden” associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S. Ct. 1592 (1962), courts should not grant such applications indiscriminately, but instead must exercise good judgment and restraint when doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172, 173-74 (2d Cir. 1989).

*Janneh v. Regal Entm’t Grp.*, No. 3:07-CV-0079 (TJM/DEP), 2008 WL 11506720, at *1 (N.D.N.Y. May 21, 2008).

## B. Discussion

Here, plaintiff has not made the threshold showing that she has expended any effort attempting to obtain legal counsel from the public and private sectors. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge*, 802 F.2d at 61); Dkt. No. 14. The fact that plaintiff is struggling financially does not alleviate her of the onus to (1) attempt to seek counsel on her own, through the private sector or legal aid organizations, and (2) detail those efforts to the undersigned. More importantly, it is too early for the undersigned to determine whether plaintiff's "position seems likely to be of substance," *Terminate Control Corp.*, 28 F.3d at 1341 (citation omitted), since plaintiff's complaint fails to state a claim upon which relief can be granted. *See supra* section 3.B. Thus, considering plaintiff's failure to make these requisite showings, the undersigned cannot, at this juncture, move on to analysis of the other factors outlined in *Terminate Control Corp.* Since plaintiff will be granted leave to amend her complaint, her Motion to Appoint Counsel is denied without prejudice and with leave to renew.[12]

## VI. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

[12] Plaintiff also requests permission to file a subpoena duces tecum. *See* Dkt. No. 13. However, as no claims have survived initial review and there has been no pretrial conference, plaintiff's request must be denied as premature. *See Akande v. Philips*, 386 F. Supp. 3d 281, 298 (W.D.N.Y. 2019) (denying motion for subpoenas without prejudice as premature where case had only proceeded through initial screening, defendants had not yet appeared, and a Rule 26(f) conference had not been held).

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 14) and request to serve subpoena duces tecum (Dkt. No. 13) be **DENIED** without prejudice and with leave to renew, and it is

**RECOMMENDED**, that plaintiff's claims brought pursuant to 18 U.S.C. §§ 1005-1006 be **DISMISSED with prejudice and without leave to amend**; and it is further

**RECOMMENDED**, that the remainder of the complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty days from the filing date of the District Judge's Order adopting this Report-Recommendation and Order to file an amended complaint, and if the plaintiff does not so file pursuant to that Decision & Order, the action may be closed without need for further order of the Court, and if plaintiff does so file, the amended complaint be noticed for substantive sufficiency review pursuant to 28 U.S.C. § 1915(e)(2)(B);

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85,

89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[13]

Dated: October 21, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

[13] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).